IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRY R. GARRETT,

        Plaintiff,

v.

WESTLAKE SERVICES, LLC d/b/a;
WESTLAKE FINANCIAL SERVICES;
L&K RECOVERY, LLC;
TRANSUNION, LLC, EQUIFAX;
INFORMATION SERVICES, LLC

        Defendants.

Civil Action No.: 3:13cv062

## ANSWER OF DEFENDANT
## WESTLAKE FINANCIAL SERVICES TO COMPLAINT

NOW COMES Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), by its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

1. Westlake admits that this action purports to seek redress for the unlawful alleged repossession of Plaintiff's automobile, but denies that it has violated any statute or any other law, denies that Plaintiff is entitled to any relief and denies the remainder of the allegations contained in Paragraph 1.

2. Westlake admits that this action purports to seek redress for alleged violations of statutory and common law, but denies that it has violated any statute or any other law and denies that plaintiff is entitled to any relief and denies the remainder of the allegations contained in Paragraph 2.

3. Westlake admits that the Court has jurisdiction over this matter.

4. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies same.

5. Westlake admits that it is a California corporation that does business in Virginia. Further answering, the remaining allegations in Paragraph 5 call for legal conclusions to which no answer is required and, therefore, Westlake denies same.

6. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and, therefore, denies same.

7. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and, therefore, denies same.

8. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and, therefore, denies same.

9. Westlake admits that according to its records, Plaintiff purchased an automobile from Nova Motors and had a financing agreement with Westlake pursuant to which he made payments. Westlake denies any remaining allegations contained in Paragraph 9.

10. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, therefore, denies same.

11. Westlake admits that Plaintiff paid off his loan. Westlake is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11 and, therefore, denies same.

12. Westlake admits that its records show that it transferred title of the automobile to the Plaintiff. Westlake is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 and, therefore, denies same.

13. Westlake admits that its records show that it transferred title of the automobile to the Plaintiff. Westlake is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 and, therefore, denies same.

14. Westlake admits that its records show that it transferred title of the automobile to the Plaintiff. Further answering, Westlake admits that Plaintiff's automobile was mistakenly repossessed.

15. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, denies same.

16. Westlake admits that its records show that Plaintiff called Westlake on November 11, 2011 and reported that he also called L&K. Westlake is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 16 and, therefore, denies same.

17. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, therefore, denies same.

18. Westlake denies the allegations contained in Paragraph 18. Further answering, Westlake states that its records show that after Plaintiff's automobile was mistakenly repossessed on November 11, 2011, it was returned to him the next day.

19. Westlake denies the allegations contained in Paragraph 19. Further answering, Westlake states that its records show that after Plaintiff's automobile was mistakenly repossessed on November 11, 2011, it was returned to him the next day.

20. Westlake admits that its records show that Plaintiff paid off his loan. Westlake is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 and, therefore, denies same.

21. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and, therefore, denies same.

22. Westlake states that Plaintiff's credit report speaks for itself and denies any inconsistent allegations.

23. Westlake states that Plaintiff's credit report speaks for itself and denies any inconsistent allegations.

24. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and, therefore, denies same.

25. Westlake states that an ACDV speaks for itself and denies any inconsistent allegations. Further answering, Westlake states that its investigation continues.

26. Westlake states that an ACDV speaks for itself and denies any inconsistent allegations. Further answering, Westlake states that its investigation continues.

27. Westlake denies the allegations contained in Paragraph 27.

28. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and, therefore, denies same

29. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and, therefore, denies same

30. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, denies same.

31. Westlake admits the allegations contained in Paragraph 31.

32. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and, therefore, denies same.

33. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and, therefore, denies same.

34. Westlake reasserts all of its answers to the paragraphs 1-33 as if fully set forth herein.

35. Westlake admits that Plaintiff purports to state a claim for violation of state law but denies that it has violated any statute or any other law and denies that plaintiff is entitled to any relief.

36. Westlake denies the allegations contained in Paragraph 36.

37. Westlake denies the allegations contained in Paragraph 37.

38. Westlake denies the allegations contained in Paragraph 38.

39. Westlake reasserts all of its answers to the paragraphs 1-38 as if fully set forth herein.

40. Westlake admits that Plaintiff purports to state a claim for violation of state law but denies that it has violated the law and denies that Plaintiff is entitled to any relief.

41. Westlake denies the allegations contained in Paragraph 41.

42. Westlake denies the allegations contained in Paragraph 42.

43. Westlake denies the allegations contained in Paragraph 43.

44. Westlake denies the allegations contained in Paragraph 44.

45. Westlake denies the allegations contained in Paragraph 45.

46. Westlake reasserts all of its answers to the paragraphs 1-45 as if fully set forth herein.

47. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 and, therefore, denies same.

48. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 and, therefore, denies same.

49. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 and, therefore, denies same.

50. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 and, therefore, denies same.

51. Westlake reasserts all of its answers to the paragraphs 1-50 as if fully set forth herein.

52. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 and, therefore, denies same.

53. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 and, therefore, denies same.

54. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 and, therefore, denies same.

55. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and, therefore, denies same.

56. Westlake reasserts all of its answers to the paragraphs 1-55 as if fully set forth herein.

57. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 and, therefore, denies same.

58. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 and, therefore, denies same.

59. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 and, therefore, denies same.

60. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 and, therefore, denies same.

61. Westlake reasserts all of its answers to the paragraphs 1-60 as if fully set forth herein.

62. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 and, therefore, denies same.

63. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 and, therefore, denies same.

64. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 and, therefore, denies same.

65. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 and, therefore, denies same.

66. Westlake reasserts all of its answers to the paragraphs 1-65 as if fully set forth herein.

67. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 and, therefore, denies same.

68. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 and, therefore, denies same.

69. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 and, therefore, denies same.

70. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 and, therefore, denies same.

71. Westlake reasserts all of its answers to the paragraphs 1-70 as if fully set forth herein.

72. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 and, therefore, denies same.

73. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 and, therefore, denies same.

74. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 and, therefore, denies same.

75. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 and, therefore, denies same.

76. Westlake reasserts all of its answers to the paragraphs 1-75 as if fully set forth herein.

77. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 and, therefore, denies same.

78. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 and, therefore, denies same.

79. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 79 and, therefore, denies same.

80. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 and, therefore, denies same.

81. Westlake reasserts all of its answers to the paragraphs 1-80 as if fully set forth herein.

82. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 and, therefore, denies same.

83. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 and, therefore, denies same.

84. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 and, therefore, denies same.

85. Westlake is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 and, therefore, denies same.

86. Westlake reasserts all of its answers to the paragraphs 1-85 as if fully set forth herein.

87. Westlake denies the allegations contained in Paragraph 87.

88. Westlake denies the allegations contained in Paragraph 88.

89. Westlake denies the allegations contained in Paragraph 89.

90. Westlake denies the allegations contained in Paragraph 90.

Dated: April 4, 2013	/s/ Bryan A. Fratkin

Bryan A. Fratkin (VSB# 38933)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
T: (804) 775-4352
F: (804) 698-2100
bfratkin@mcguirewoods.com

*Attorney for Westlake Services, LLC d/b/a Westlake Financial Services and L&K Recovery, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify on this 4th day of April, 2013, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to all registered efilers.

/s/ Bryan A. Fratkin
Bryan A. Fratkin (VSB# 38933)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
T: (804) 775-4352
F: (804) 698-2100
bfratkin@mcguirewoods.com
*Attorney for Westlake Services, LLC d/b/a Westlake Financial Services and L&K Recovery, LLC*